In October, 2008, a complaint issued from the South Boston Division of the Boston Municipal Court Department (BMC) charging the defendant, Pompesky Aspil, with distribution of a class D substance, G. L. c. 94C, § 32C(a ), and possession of a class D substance with intent to distribute, G. L. c. 94C, § 32C(a ). On October 24, 2008, the defendant waived his right to a jury trial and pleaded guilty to both counts, resulting in both matters being continued without a finding until October 23, 2009. Later, on or about October 22, 2010, the defendant pleaded guilty in the Lawrence Division of the District Court Department to unlawful possession of a class D substance (greater than one ounce), G. L. c. 94C, § 34. As a result of his plea in the District Court, on October 4, 2011, the defendant was issued by the United States Department of Homeland Security a notice to appear for removal proceedings that charged he was subject to removal from the United States; on October 29, 2014, the defendant was ordered removed to Haiti. On April 25, 2016, the defendant filed in the BMC a motion to vacate conviction requesting that his October 24, 2008, plea be vacated; the motion was denied on September 8, 2016. The defendant appeals.
The defendant asserts that the judge abused her discretion by refusing to vacate his plea where the defendant was denied effective assistance of counsel, as his counsel failed to warn him of the immigration consequences of his admissions. Under Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), there is a two-part test for determining ineffective assistance of counsel that considers both counsel's performance and whether any deficient performance caused the defendant to suffer prejudice. In a case such as this, counsel has a duty to inform a defendant that upon a plea of guilty or admission to sufficient facts, "removal ... would be presumptively mandatory." Commonwealth v. DeJesus, 468 Mass. 174, 179 (2014). However, even if we assume that the defendant has met his burden to establish that his attorney's advice did not measure up to Saferian's performance standard, he has not met his burden to establish that the consequences of counsel's serious incompetency was prejudicial. See Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 723 (2012). See also Commonwealth v. Britto, 433 Mass. 596, 601 (2001). The defendant has not demonstrated that he was removed from the United States as a result of his guilty plea in the BMC case.[2] Specifically, the record indicates that the basis for the defendant's removal was his conviction in the District Court on October 22, 2010.
Order denying motion to vacate conviction affirmed.

At oral argument, counsel for the defendant informed this panel that the defendant had been removed to Haiti. Following oral argument, the defendant's counsel filed with this court a copy of the order, dated July 1, 2016, allowing the defendant's motion to vacate his conviction in the District Court. These facts do not affect the outcome in this case.